**FILED**
**Mar 09, 2026**
**01:54 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Larnell Moon | Docket No. 2023-01-3052 |
| v. | State File No. 399-2023 |
| FirstFleet, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims Audrey A. Headrick, Judge | |

---

### Affirmed and Remanded

---

The employer challenges the trial court's interlocutory order requiring it to provide a panel of neuro-ophthalmologists. The employee was involved in an accident while working as a commercial truck driver for the employer, resulting in multiple injuries. He was referred to a physical medicine and rehabilitation specialist for several of his complaints, and that specialist opined that the employee should be evaluated by a neuro-ophthalmologist for his reports of blurred vision. The employer denied the referral due to insufficient information regarding the cause of the alleged blurred vision. The trial court, in a decision on the record, ordered the employer to provide a panel of neuro-ophthalmologists. The employer appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Heather H. Douglas, Nashville, Tennessee, for the employer-appellant, FirstFleet, Inc.

Christopher D. Markel, Chattanooga, Tennessee, for the employee-appellee, Larnell Moon

### Factual and Procedural Background

Larnell Moon ("Employee") was involved in a single-vehicle accident in the course and scope of his employment with FirstFleet, Inc. ("Employer"), on December 28, 2022. He reported multiple injuries and received panels for treatment of orthopedic complaints in his knees and wrist. Employee was also diagnosed with a traumatic brain injury following the accident and began treating with Dr. Erwin Manalo, a physical medicine and

rehabilitation specialist. The parties stipulated that Dr. Manalo is an authorized treating physician "as a result of an accepted direct referral," although it is unclear from the record who referred Employee to Dr. Manalo.

On November 4, 2025, Employee filed a request for expedited hearing seeking a panel of neuro-ophthalmologists.[1] He attached to that request his Rule 72 declaration and a questionnaire signed by Dr. Manalo on October 15, 2025. The questionnaire contained a single inquiry: "Within a reasonable degree of medical certainty and more likely than not (51% or greater), is it your opinion that [Employee] should be scheduled for a consultation with you for further evaluation and examination of his blurred vision?" Dr. Manalo marked "[n]o" and then wrote "[w]ould recommend evaluation by neuro[-]ophthalmology."

Employer responded with a Rule 72 declaration completed by the claim specialist assigned to Employee's claim attesting that he did not receive any referrals for evaluation by a neuro-ophthalmologist prior to the request for expedited hearing. The claim specialist further asserted he had no recent medical records and the only document discussing the referral was the questionnaire Employee filed on November 4. Employer also filed a position statement, arguing that the evidence in the records was "all but completely devoid of information linking the supposed referral to Employee's work injury."

In a decision on the record, the trial court ordered Employer to provide the panel, stating "parties and their lawyers are poorly positioned to formulate expert medical opinions" (citing *Lurz v. Int'l Paper Co.*, No. 2015-02-0462, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018)). It declined to award attorneys' fees at an interlocutory stage but did refer the case to the Bureau's Compliance Program for Employer's failure to provide a panel in response to an authorized physician's referral. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by

---

[1] Employee had previously filed two petitions for benefit determination and three requests for expedited hearings related to discovery disputes and/or the provision of medical benefits. None of the issues raised in these filings are relevant to the issues in the instant appeal.

deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

## Analysis

The only issue on appeal is straightforward: whether the trial court erred in ordering Employer to provide a panel of neuro-ophthalmologists. "Any treatment recommended by a physician . . . selected pursuant to this subdivision (a)(3) or by referral, if applicable, *shall be presumed to be medically necessary* for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H) (2025) (emphasis added). This presumption can be overcome by a preponderance of the evidence. *Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016). Employer argues Employee did not meet his burden of being likely to succeed on the merits at trial because (1) Employee failed to provide documentation to establish a causal link between the need for the referral and the work injury; (2) Employer had insufficient notice of the referral; and (3) the trial court did not properly consider evidence of Employee's pre-existing vision issues.

Employer's arguments misconstrue Employee's burden of proof at this stage of the litigation. Employee is not required to show that he is likely to succeed in proving that his vision issues are primarily caused by the accident or that any pre-existing vision issues are *not* the primary cause of his current complaints. Instead, Employee's burden at this stage was to have suitable proof from which the court could conclude a referral had been made pursuant to section 204(a)(3)(H). The referral itself is presumed to be medically necessary, and it was Employer's burden to offer sufficient proof to rebut that presumption. *Beech v. G4S Secure Sols. (USA), Inc.*, No. 2020-05-0177, 2020 TN Wrk. Comp. App. Bd. LEXIS 71, at *9 (Tenn. Workers' Comp. App. Bd. Dec. 16, 2020).

The parties have stipulated that Dr. Manalo is an authorized treating physician by referral. Thus, his treatment recommendations are presumed to be medically necessary. Employer has offered no evidence to rebut that presumption, other than suggesting Employee had prior vision problems or pointing to the inadequacy of the information contained in the medical records regarding his current complaints. Given these circumstances, the preponderance of the evidence supports the trial court's determination that Employee is entitled to a panel of specialists.

3

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.